**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Logan Kurtz

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LOGAN KURTZ**<br><br>Plaintiff,<br><br>v.<br><br>**DIVERSIFIED CONSULTANTS, INC.;**<br><br>Defendant | **Case No.:** 2:18-cv-09874<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1

1. This is a case about a consumer who obtained a new cell phone number, and

2

3

immediately began receiving debt collection robo-calls asking for an unknown

4

person. The calls continue despite the caller(s) being on notice from the outgoing

5

message that the called party was not who the caller was looking for, and despite

6

7

the fact that the consumer had not given consent to robo-calls by the caller(s). To

8

avoid any confusion, the consumer orally revoked any consent to call his newly

9

10

acquired phone number, but the phone calls still continue to this day.

11

2. **LOGAN KURTZ** ("Plaintiff"), by Plaintiff's attorney, brings this action for

12

actual damages, statutory damages, punitive damages, injunctive relief,

13

14

restitution, attorney fees, and costs, against **DIVERSIFIED CONSULTANTS,**

15

**INC.** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

16

17

et seq. (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act,

18

California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and the

19

20

Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (hereinafter

21

"TCPA"), all of which prohibit debt collectors from engaging in abusive,

22

deceptive and unfair practices.

23

3. Plaintiff makes these allegations on information and belief, with the exception

24

of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel,

25

26

which Plaintiff alleges on personal knowledge.

27

4. While many violations are described below with specificity, this Complaint

28

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**COMPLAINT FOR DAMAGES**                                    **Page 2 of 16**

alleges violations of the statutes cited in their entirety.

5.  All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6.  Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8.  This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (hereinafter "TCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA") and the tortious act of invasion of privacy.

9.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FDCPA AND RFDCPA

10.   In enacting the FDCPA, Congress found that:

a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.   It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

11.   Similarly, when enacting the RFDCPA, the California Legislature found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  Cal. Civil Code § 1788.1(a)(1).

12.   The FDCPA and the RFDCPA are both strict liability statutes.  That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability.  *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

14. Plaintiff is a natural person who resides in the County of Los Angeles, State of California. Plaintiff is a a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by 15 U.S.C. § 1681a(c), "Debtor" as that term is defined by California Civil Code § 1788.2(h), and is a "Person" as that term is defined by the TCPA, 47 U.S.C. § 153(39), and is a  subscriber to cellular telephone services within the United States.

15. Defendant Diversified Consultants, Inc. (hereinafter "Defendant")  is a Florida

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

corporation operating from an address of 10550 Deerwood Park Blvd, Jacksonville, Florida 32256, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

16.  Defendant is a "person" as defined by the TCPA, 47 U.S.C. § 153(39) and the FCRA, 15 U.S.C. § 1681a(b).

17.  This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18.  At all times relevant to this complaint, the Defendant used, controlled, and/or operated "automatic telephone dialing systems" (hereinafter "ATDS") as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

19.  The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.** *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.)

## FACTUAL ALLEGATIONS

20. Plaintiff is an individual residing in the County of Los Angeles in the State of California.

21. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

22. Defendant's business consists solely of the collection of delinquent consumer debts.

23. On or about July 2018, Plaintiff obtained a new cell phone number, starting with area code (818). When he obtained the new phone number he created an outgoing message which clearly stated that the phone number belonged to "Logan."

24. He immediately began receiving numerous phone calls intended for someone whose name sounded like "Sahar Sacarran," that were in connection with the collection of a debt.

25. Plaintiff received anywhere from one to four phone calls from the Defendant per week, all asking for the same person, who is not the Plaintiff or anyone the Plaintiff knows. Sometimes a day would pass without a phone call, but those days were rare.

26. Each time Plaintiff receives a collection phone call from Defendant, there is a 2-3 second delay before the caller begins speaking.

27. Plaintiff has asked Defendant to stop calling him multiple times since the calls started in July 2018, which is an oral revocation of consent to call Plaintiff's phone number. Plaintiff never gave consent for Defendant to contact him in any manner, including via phone.

28. Defendant orally agreed to remove Plaintiff's phone number and stop calling on or around October 22, 2018, but the phone calls continue to this day.

29. Plaintiff attempted to block Defendant's calls by paying for AT&T Call Protect and Robo-Killer, but somehow Defendant's calls still make it through to Plaintiff.

30. Defendant continues to place numerous calls to Plaintiff on a daily basis, sometimes multiple times a minute or two apart.

31. Defendant's phone calls often occur while Plaintiff is on the phone with other people, thus interrupting his use of his phone.

32. In the approximately 130 days between when Plaintiff obtained the new cell phone number in July 2018 and the date of filing this complaint, Plaintiff has received between 19 (1 call per week) and 75 (4 calls per week) phone calls for

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1

the wrong party from Defendant.

2   33.  Plaintiff has asked Defendant multiple times to stop calling him because he does

3

4   not know who they are looking for.

5

**ACTUAL DAMAGES**

6   34.  Plaintiff has suffered actual damages as a result of these illegal collection and

7

8   intimidation tactics by this Defendant in the form of: loss of telecommunications,

9   charges for cellular phone usage, invasion of privacy, personal embarrassment,

10  loss of personal reputation, loss of productive time, nausea, and feelings of fear,

11

12  anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset,

13  humiliation, and embarrassment, amongst other negative emotions.

14

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

15

**COUNT I**

16

17  **VIOLATION OF § 1692B(3) OF THE FDCPA**

18  35.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint

19  as though fully stated herein.

20

21  36.  A debt collector violates § 1692b(3) of the FDCPA when it communicates with

22  a person other than the consumer about location information of the consumer

23  more than once.

24

25  37.  Defendant violated § 1692b(3) when it, among other qualifying actions and

26  omissions, contacted the Plaintiff, who is not the consumer who Defendant is

27  attempting to contact, at least 19 times from July 2018 through the present

28

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

regarding the consumer, "Sahar Sacarran"'s debt owed to Defendant.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## COUNT II

### VIOLATION OF § 1692D OF THE FDCPA

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. A debt collector violates § 1692d of the FDCPA when it engages in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

40. Defendant violated § 1692d when it, among other qualifying actions and omissions, willfully annoyed, abused, harassed Plaintiff, and placed telephone calls to Plaintiff over and over again, despite being aware that Plaintiff was not the person Defendant was calling for, and despite Plaintiff requesting, over and over, that Defendant stop calling him.

## COUNT III

### VIOLATION OF § 1692D(6) OF THE FDCPA

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. A debt collector violates § 1692d(6) of the FDCPA when it places telephone calls without meaningful disclosure of the caller's identity.

43. Defendant violated § 1692d(6) when it, among other qualifying actions and omissions, placed telephone calls to Plaintiff over and over again without

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

meaningful disclosure, including spoofing of the area code from which Defendant, a Florida Corporation, called Plaintiff. Defendant utilized a local phone number to call Plaintiff to get him to pick up the phone, despite being on notice that the phone number did not belong to the person Defendant was attempting to contact.

## COUNT IV

### VIOLATION OF § 1692E OF THE FDCPA

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. Defendant violated § 1692e when it, among other qualifying actions and omissions, willfully misrepresented that it was a local caller by spoofing a local area code, so that Plaintiff would pick up the phone.

## COUNT V

### VIOLATION OF § 1788.11(B) OF THE RFDCPA

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. A defendant violates § 1788.11(b) of the RFDCPA when it places telephone calls without disclosure of the caller's identity.

---

**COMPLAINT FOR DAMAGES**                                          **Page 11 of 16**

49. Defendant violated § 1788.11(b) of the RFDCPA when, on at least two occasions, it willfully placed telephone calls to Plaintiff without meaningful disclosure of Defendant's identity by spoofing a local area code when Defendant is a Texas company.

## COUNT VI

### VIOLATION OF § 1788.11(D) OF THE RFDCPA

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. A defendant violates § 1788.11(d) of the RFDCPA when it causes a telephone to ring repeatedly or continuously to annoy the person called.

52. Defendant violated § 1788.11(d) of the RFDCPA when it willfully called Plaintiff on the telephone over and over again, causing the phone to ring repeatedly or continuously.

## COUNT VII

### VIOLATION OF § 1788.11(E) OF THE RFDCPA

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. A defendant violates § 1788.11(e) of the RFDCPA when it communicates, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

55. Defendant violated § 1788.11(e) of the RFDCPA when it willfully communicated with Plaintiff by telephone so frequently that the number of communications is unreasonable and constitutes harassment of the Plaintiff – the recipient of the phone calls.

## COUNT VIII

### VIOLATION OF § 1788.17 OF THE RFDCPA

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

58. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692b, § 1692d, and § 1692e.

## COUNT IX

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227 ET SEQ.

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. A person violates the TCPA when they contact or attempt to contact a person via an Automated Telephone Dialing System (ATDS) without prior express consent from the recipient or any statutory exception.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

61. Defendant violated the TCPA when they negligently contacted and/or attempted to contact Plaintiff via an ATDS without prior express consent from Plaintiff.

## COUNT X

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227 ET SEQ.

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. A person violates the TCPA when they knowingly or willfully contact or attempt to contact a person via an ATDS without prior express consent from the recipient or any statutory exception.

64. Defendant violated the TCPA when they knowingly and/or willfully contacted and/or attempted to contact Plaintiff via an ATDS without prior express consent from Plaintiff, and continued to contact Plaintiff via an ATDS after Plaintiff expressly, verbally revoked any alleged prior consent.

## COUNT XI

### INVASION OF PRIVACY

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. A defendant is liable for the tort of invasion of privacy when it intentionally intrudes upon a plaintiff's reasonable expectation of privacy in a way that is

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1  highly offensive to a reasonable person, and, as a result that intrusion is a

2  substantial factor in causing harm to the plaintiff.

3  67.  Plaintiff had a reasonable expectation of privacy on his cellphone. Defendant

4

5  intentionally intruded on both of those in a highly offensive manner by calling

6  Plaintiff, repeatedly and in a harassing manner, even after Defendant was aware

7

8  that the person it was calling at Plaintiff's phone number was not the person

9  they were attempting to contact.

10  68.  Defendant's conduct was a substantial factor in causing Plaintiff actual harm in

11  an amount to be proven at trial.

12

**PRAYER FOR RELIEF**

13

14  **WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

15

16      a)  Award of compensatory damages for losses, in an amount to be

17          determined at trial, pursuant to the common law of torts against

18          Defendant and for Plaintiff, and,

19

20      b)  Award for interest on the amount of losses incurred at the prevailing legal

21          rate against Defendant and for Plaintiff, and,

22      c)  Award for pre-judgment interest against Defendant and for Plaintiff, and,

23

24      d)  Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA),

25          and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant

26          and for Plaintiff, and,

27

28      e)  Award of statutory damages in the amount of $1000.00 pursuant to 15

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

f)   Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

g)   Award of statutory damages in the amount of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. 227(b)(3)(B) against Defendant and for Plaintiff, and,

h)   Award of statutory damages in the amount of $1500.00 for each and every willful or knowing violation of the TCPA pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C) against Defendant and for Plaintiff, and,

i)   Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

j)   Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED.

69.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**THE CARDOZA LAW CORPORATION**

DATED: November 26, 2018     BY: /S/ LAUREN B. VEGGIAN
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF,
LOGAN KURTZ

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104